UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOHN L. GRIGSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:15-cv-00124-SEB-TAB |
| ) | |
| CAROLYN W. COLVIN Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel on July 15, 2016, for an oral argument on Plaintiff's appeal of his denial of disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. As set forth below, the Magistrate Judge recommends that this case be remanded pursuant to sentence six of 42 U.S.C § 405(g) for further consideration.

This is an interesting case both substantively and procedurally. It involves two disability claims brought by Plaintiff John Grigsby with overlapping decisions and opposite outcomes. The parties agree that a remand is appropriate. The issue is whether remand should be pursuant to sentence six of 42 USC § 405(g) as Plaintiff requests or pursuant to sentence four as Defendant requests.

By way of background, Plaintiff filed his first application for disability insurance benefits or DIB on June 28, 2012, and for SSI benefits on November 15, 2012, alleging an onset date of June 14, 2012. Plaintiff filed a second application for DIB on August 19, 2015, and on November 29, 2015, the SSA awarded Plaintiff benefits based on an onset date of June 28, 2012. These conflicting rulings impact the Plaintiff's eligibility for SSI, for DIB, and even for

Medicare.

Plaintiff argues that the November 29, 2015, SSA decision awarding him benefits constitutes new and material evidence, that good cause exists for not presenting this evidence with his first application since it didn't exist, and that as a result the Court should remand this case under sentence six for the ALJ to consider this evidence. Plaintiff contends the remand should only be as to Plaintiff's first application and that Plaintiff's second application, which resulted in an award of benefits, should not be disturbed. Defendant agrees the ALJ's first decision must be remanded but argues that this Court should also remand Plaintiff's favorable decision on his second application so that the application can be consolidated and reviewed by an ALJ with the assistance of a medical expert consistent with sentence four.

As a preliminary matter, since the Commissioner did not appeal the decision on Plaintiff's second application, the Court has no jurisdiction to address that case. While the Commissioner has 12 months to reopen that decision, that decision is for the Commissioner to make; and to date, that has not occurred.

Turning to the issue of a sentence six remand, to obtain such a remand, Plaintiff must present new and material evidence, and there must be good cause for not presenting this evidence initially. *Sample v. Shalala,* 999 F.2nd 1138, 1144 (7th Cir 1993). Defendant contends Plaintiff has not submitted evidence that was new and material because Plaintiff relies on the SSA's Notice of Award. While the Commissioner may have backed off of that argument slightly at oral argument, I would, nevertheless, note that Plaintiff does rely upon a medical opinion from Dr. Fernando Montoya, a physician who works for the Indiana Disability Determination Bureau. The medical experts at the DDB are recognized by SSA as highly qualified physicians who are experts in Social Security disability evaluation. Dr. Montoya's opinions of Grigsby's abilities

and limitations are materially more restrictive than the ALJ's findings. The ALJ found that Grigsby could sustain light work, whereas Dr. Montoya found that Grigsby is limited to sedentary work.

Moreover, the ALJ placed great weight on the RFC assessment that DDB physician Richard Wenzler completed on September 14, 2012. [R. at 29.] However, that assessment was a projection of what Grigsby's abilities and limitations would be nine months later on June 14, 2013. [R. at 486; R. at 488.] With the benefit of hindsight, Dr. Montoya completed his RFC assessment on November 9, 2015.

Plaintiff also relies upon a medical opinion from Herman Walsh, who works for the Commissioner's Office of Quality Review. While the exact position that Herman Walsh holds is unclear, the record does demonstrate Walsh reviewed Dr. Montoya's explanation and likewise concluded that Grigsby is disabled and has been since June 2012. There is a reasonable probability that this evidence might have changed the ALJ's decision. *Melkonyan v. Sullivan,* 501 US 89, 98 (1991). Thus, the four items attached to Plaintiff's brief are new and material, and Grigsby had good cause for not submitting them to the ALJ because they did not exist at the time. Accordingly, a sentence six remand is appropriate.

Further support for such a remand comes from *Gossett v. Colvin,* 527 Fed.Appx. 533 (7th Cir. 2013), a Social Security disability case that was remanded by the Court of Appeals under sentence six of 42 USC § 405(g). In *Gossett*, the ALJ ruled on January 27, 2010, that Gossett was not disabled. Gossett appealed the ALJ's decision, and while his appeal was pending, Gossett filed a new application. Gossett's second application was approved with an onset date of January 28, 2010, the day after the ALJ's decision based on an opinion of DDB psychologist and consultant Kenneth Neville. Id at 535-36.

After Gossett's first application was denied, he asked the district court to remand his first application under sentence six and submitted Dr. Neville's opinion as new and material evidence. The Court declined and Gossett appealed. The Seventh Circuit Court of Appeals granted a sentence six remand. Although Dr. Neville's opinion was dated July 28, 2010, the Court had no trouble relating Dr. Neville's opinion to Gossett's condition before January 27, 2010, the date of the ALJ's denial. The Court also found that there was at least a reasonable probability that Dr. Neville's opinion could lead to a different conclusion by the ALJ on Gossett's first application. The Court wrote that it was reasonable to think that the ALJ might have the same reaction to Dr. Neville's opinion that the Disability Determination Bureau had. Id at 537-38.

Grigsby correctly argues in his reply brief that his case may be even stronger than Gossett's. In *Gossett*, the new and material evidence that merited the sentence six remand was an opinion from a DDB consultant. Grigsby's new and material evidence includes not only an opinion from a DDB consultant but also an opinion from someone in SSA's Office of Quality Review. Thus, two people retained by the Commissioner opined that Grigsby had limitations which made him disabled as of June 2012, which is the month in which Grigsby claimed he became disabled in his first application.

The Commissioner's attempt at oral argument to distinguish *Gossett* on the ground that the Commissioner here is agreeing to a remand under sentence four is not persuasive. For these reasons, the Magistrate Judge recommends that the Court grant Plaintiff's brief in support of appeal [Filing No.23] and that this case be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further consideration.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within

fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.  Thank you very much for your argument and we are adjourned.

Date:  8/30/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.